No. A-CV-20-82

COURT OF APPEALS OF THE NAVAJO NATION

January 24, 1983

Paul RATION, Appellant,

vs.

Mattie ROBERTSON, Appellee.

Frank J. Lally, Esq., for Appellant, Gallup, New Mexico. Irene Toledo, Esq., for Appellee, Crownpoint, Navajo Nation (New Mexico).

This is a case in which a man and a woman, living in a common law relationship, have a dispute over the right to property and contributions in acquiring the property. The trial court rules in favor of the woman and held that she would keep a 1978 Ford Thunderbird car finding "That the tradition of the Navajo people dictates that a male give up certain property rights upon the dissolution of a 'common law' relationship."

On appeal the man raises the question, "May the court deny appellant his property rights solely on the basis of gender?," and he argues that the custom found by the trial court conflicts with the Equal Rights provision of the Navajo Bill of Rights. That right very simply states that "Equality of rights under the law shall not be abridged or denied by the Navajo Nation on account of sex."

The Chief Justice is unable to properly evaluate the file and matters in this case as he is required to do because of the inadequate and conclusory brief filed by the man and the lack of argument on the important question by the woman.

This case simply is not ripe for a review, and the Court of Appeals will not consider the important matter of the Equal Rights provision eliminating an ancient Navajo custom in the absence of proper briefs on the part of counsel, giving detailed discussion of the law as it can be found in the decisions of courts interpreting Equal Rights provisions and the arguments on the adoption of the Equal Rights Amendment.

Therefore the court enters the following ORDERS:

1. The parties shall, on or before February 14, 1983, file simultaneous briefs on the question posed in the appeal;

2. The briefs of the parties shall set forth their arguments on the applicability of the Navajo Equal Rights provision in detail, with citation to appropriate authorities;

3. Should the appellant fail to file a brief or should the arguments set forth in it fail to raise a legitimate argument showing there is probable cause in support of his argument, this appeal will be dismissed.